**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **JODY YOUNG, an individual,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**WALMART, INC., a corporation; and JOHN DOE, an individual,**<br><br>      **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:19-cv-00824-PMW**<br><br><br>**Chief Magistrate Judge Paul M. Warner** |

All parties in this action have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1]  *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.  Before the court are Plaintiff Jody Young's ("Young") motion for leave to file an amended complaint[2] and motion for remand.[3]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to Civil Rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will decide the motions based upon the written memoranda.  *See* DUCivR 7-1(f).

---

[1] *See* ECF no. 10.

[2] *See* ECF no. 16.

[3] *See* ECF no. 13.

## BACKGROUND

Young filed this action in the Seventh Judicial District Court, Carbon County, State of Utah.  Young's complaint named Defendant Walmart, Inc. ("Walmart") and one of its employees. According to Young, because she did not know the identity of the Walmart employee at the time her complaint was filed, she named John Doe as a defendant.

Young is a resident of Carbon County, Utah.  Walmart's principal place of business is within the State of Arkansas.  After Young's complaint was filed in state court, Walmart removed this action to this court based upon diversity jurisdiction.  *See* 28 U.S.C. § 1332(a).

Young contends that, after removal of this action to federal court, she was able to ascertain the identity of the Walmart employee named as John Doe in her complaint.  Young identifies that employee as Jeff Hayes ("Hayes"), who resides in Price, Utah.  Consequently, Young has filed a motion to amend her complaint to add Hayes as a named defendant.  Prior to the filing of that motion, Young also filed a motion to remand this action to state court.

Pursuant to the scheduling order in this case, the deadline for filing a motion to amend pleadings is July 28, 2020.[4]  According to Young, no discovery has taken place in this action.

## ANALYSIS

I.      **Young's Motion for Leave to File an Amended Complaint**

The procedures for cases removed from state court are provided in 28 U.S.C. § 1447. Subsection (e) of that statute provides:  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder,

---

[4] *See* ECF no. 12.

Case 2:19-cv-00824-PMW   Document 28   Filed 05/01/20   Page 3 of 6


or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "As § 1447(e)

indicates, however, the plaintiff does not have an absolute right to join such parties." *McPhail v.*

*Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008)

The Tenth Circuit has provided the following guidance for the determination of whether

to permit a plaintiff to amend his or her complaint to join a non-diverse party to a removed case:

> Federal Rule of Civil Procedure 15(a)(2) allows amendments only with leave of
> the opposing party or the court.  Further, under [Federal Rule of Civil Procedure]
> 19 the district court must determine whether the party sought to be joined is
> indispensable. . . . If the [party sought to be joined] is not indispensable, [Federal
> Rule of Civil Procedure] 20(a)(2) permits joinder at the discretion of the district
> court. . . . If the district court determines that joinder is appropriate [under Rule
> 20(a)(2)], § 1447(e) requires remand to state court.  If the district court decides
> otherwise, it may deny joinder.

*McPhail*, 529 F.3d at 951-52 (quotations, citations, and footnotes omitted).

In opposing Young's motion, Walmart argues that Hayes is not an indispensable party

under Rule 19.  However, Hayes may still be joined to this action, provided that permissive

joinder under Rule 20(a)(2) is appropriate.  *See id.*

> Rule 20(a)(2) allows for permissive joinder of defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the
> alternative with respect to or arising out of the same transaction, occurrence, or
> series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A)-(B).  In exercising its discretion to permit permissive joinder of a

non-diverse party in a removed case, the court considers several additional factors, including

"whether the amendment will result in undue prejudice, whether the request was unduly and

inexplicably delayed, [and whether it] was offered in good faith." *McPhail*, 529 F.3d at 952

(quotations and citation omitted) (alteration in original).  The court must also consider Rule

15(a)(2)'s mandate that "[t]he court should freely give leave" to amend pleadings "when justice

so requires."  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

Walmart does not argue that the requirements of Rule 20(a)(2) are not satisfied in this

case.  Instead, Walmart contends that Young's motion has no other purpose than to destroy

diversity and that it would be prejudiced if Young's motion is granted.

As to Walmart's first contention, the court is unpersuaded by Walmart's arguments.

Walmart asserts that the sole purpose of Young's motion is to defeat diversity.  However,

Walmart cites to no authority to indicate that this is a factor the court should consider in

determining whether to permit permissive joinder of Hayes.  Walmart also argues that there is no

benefit to Young in adding Hayes as a party because any liability assessed against Hayes in this

case will be imputed to Walmart.  Not only does Walmart fail to cite to any authority to support

that proposition that is binding on this court, it is also far too early in this case to definitively

conclude that all potential liability in this case would be imputed to Walmart.

With respect to Walmart's contention concerning prejudice, the court is again

unpersuaded by Walmart's arguments.  Walmart asserts that it would be prejudiced if this action

is remanded because:  (1) "Carbon County is known as a mining area, pro-union, and anti-

corporation"; (2) "jurors from Carbon County are prone to bias against large foreign corporations

such as Walmart"; (3) federal courts have a larger, more diverse jury pool and have a 12-person

jury; (4) federal judges "have greater resources and are less prone to local bias"; and (5) the

Federal Rules of Civil Procedure provide for greater "flexibility for parties to agree on

scheduling matters."[5]  Walmart includes very little, if any, support for those assertions.

Furthermore, Walmart fails to cite to any authority for the proposition that the presence of any of

those facts, even if true, constitutes "undue prejudice."  *McPhail*, 529 F.3d at 952 (quotations and

citation omitted).

Turning to the remaining factors, the court concludes that Young's motion was not

"unduly and inexplicably delayed" and "was offered in good faith."  *Id.* (quotations and citation

omitted).  Young brought her motion soon after she discovered Hayes' identity, and the court sees

no evidence of bad faith on Young's part.

For the foregoing reasons, the court concludes that permissive joinder of Hayes as a

defendant is appropriate.  Therefore, Young's motion for leave to file an amended complaint is

granted.  Upon the filing of Young's amended complaint, this action must be remanded to state

court because joinder of Hayes destroys complete diversity and subject matter jurisdiction.  *See*

28 U.S.C. § 1447(c), (e); *McPhail*, 529 F.3d at 951-52.

## II.     Young's Motion for Remand

Given the analysis set forth above, the court has determined that it need not address the

merits of Young's motion for remand.  In that motion, Young seeks remand of this action to state

court without the filing of an amended complaint to add Hayes as a named defendant.  As

indicated above, however, the court has granted Young's motion for leave to amend and

permitted her to file an amended complaint adding Hayes as a named defendant.  Given those

---

[5] ECF no. 24 at 6.

conclusions, the specific relief sought in Young's motion to remand cannot also be granted.

Accordingly, the court concludes that her motion to remand is moot.

## **CONCLUSION AND ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED:

1.      Young's motion for leave to file an amended complaint[6] is GRANTED.

2.      On or before May 15, 2020, Young shall file her proposed amended complaint.

3.      Upon the filing of Young's amended complaint, this action shall be REMANDED

to the Seventh Judicial District Court, Carbon County, State of Utah.

4.      Young's motion for remand[7] is MOOT.

IT IS SO ORDERED.

DATED this 1st day of May, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[6] *See* ECF no. 16.

[7] *See* ECF no. 13.

6